In re Terry Arthur CARR, Debtor.

Bankruptcy No. 98–20476.

United States Bankruptcy Court,
D. Idaho.

Sept. 15, 1998.

TERRY L. MYERS, Bankruptcy Judge.

This matter is before the Court on the ex parte Application of the Chapter 7 Trustee for approval of the employment of attorneys Carolyn Justh and Sue Flammia as counsel for the Trustee and the estate. 11 U.S.C. § 327(a); Fed.R.Bankr.P. 2014.

■ Initially it is noted that the Application and the supporting statements of proposed counsel under Rule 2014 were not served on the Debtor or his attorney as required by Local Bankruptcy Rule 2014.1(b)(2). That alone is sufficient basis to deny the requested relief, at least until such time as the problems with notice and service have been remedied.

However, another serious issue is presented. The Application reflects that attorney Flammia represented a creditor of the Debtor (his ex-wife) in state court litigation, and that she continues to represent this creditor as against the Debtor. The Application also discloses that attorney Justh represented the ex-wife as a creditor in this bankruptcy proceeding. In fact, Justh appeared for the creditor at the § 341(a) meeting of creditors, according to the Trustee's minutes of that meeting.

Debtor's Schedule F lists only two unsecured creditors, the ex-wife with a $338,000 judgment, and the U.S. Attorney for the Eastern District of Washington with a claim of approximately $12,800. The only other creditors scheduled are the I.R.S. and the Idaho Tax Commission, both listed on Schedule D with claims totalling over $500,000.

The Application states that Flammia and Justh "represent no other entity in connection with this case, are disinterested as that term is defined in 11 U.S.C. § 101(14) and represent or hold no interest adverse to the interest of the estate with respect to the

matters on which they are to be employed, with the exception of the following...."

What follows is a terse disclosure of the other representation of the ex-wife.[1]

The verified statements of Flammia and Justh filed under Rule 2014 do not themselves disclose the prior and/or continuing representation of the Debtor's largest scheduled unsecured creditor. Instead, they refer to the Application, to wit: "I state that other than as stated in the Petition, I have no connection with the above-named debtor, no connection with the creditors of the estate, or any party in interest...." (Emphasis added). This is not a form of disclosure to be encouraged.

It is true that § 327(c) does not make disqualification mandatory simply because the proposed professional represented a creditor. However, in the circumstances of this case, it would be improper to approve the requested employment on the basis of what has been submitted. The absence of service and notice to the Debtor and his attorney, the nature and extent of the representation of the creditor by the Trustee's proposed attorneys, and the need under § 327(c) for the Court to make a finding regarding the absence of an actual conflict of interest, all necessitate an actual hearing.

The Application will be and is hereby DENIED, without prejudice to renewal. If renewed, the Application shall be set for actual hearing on notice to the Debtor, his counsel, the U.S. Trustee and all other creditors and parties in interest.

---

1. The disclosure is that Flammia represented the Debtor's ex-wife in the divorce proceeding and that she is "continuing to represent" the ex-wife. It also states that Justh represented the ex-wife's interest in this bankruptcy case, but also reveals that she plans to assert an objection to discharge-

ability of the ex-wife's claim. Thus, the attorneys disclose their past representation, as well as their intent to continue to represent the creditor, apparently simultaneously with their proposed representation of the trustee.